IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Roy Jenkins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. |
| | ) |
| Life Insurance Company of | ) |
| North America, aka Cigna, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Roy Jenkins, through his undersigned attorneys, Michael Moroni, brings this action against the Defendant, Life Insurance Company of North America aka CIGNA hereinafter "CIGNA", and states as follows:

## JURISDICTION

1. Plaintiff alleges that plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C.A. §§ 1001 et seq. and that the subject Plan constitutes a "plan under ERISA." Therefore, plaintiff alleges that this court's jurisdiction is invoked pursuant to 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 1132(e).

2. Venue is proper within the Eastern District of Missouri pursuant to 29 U.S.C.A. § 1132(e)(2) because the acts complained of have occurred within this district.

## PARTIES

3. Plaintiff, Roy Jenkins, is, and at all relevant times was, a resident of Puxico, Stoddard County, Missouri.

4. Plaintiff alleges on information and belief that defendant, CIGNA, is, and at all relevant times was, a corporation authorized to transact and transacting the business of insurance in Missouri, and was the Claims Administrator for the benefit plan for Rural/Metro Corporation, hereinafter referred to as the "Plan."

## FACTUAL BACKGROUND

5. The Plaintiff applied for long term disability benefits under the Plan and received benefits for a time then he was denied for benefits after November 18, 2014 under a transferable skills analysis. He timely filed all administrative appeals and was finally denied on January 30, 2017.

6. This appeal follows as all administrative remedies have been exhausted.

7. The decision of CIGNA is not supported by substantial evidence and is an abuse of discretion because the claimant's condition makes him disabled under the Plan and he is entitled to Long Term Disability Benefits from the Defendant under the Plan.

## FIRST CAUSE OF ACTION

### FOR RECOVERY OF PLAN BENEFITS, PURSUANT TO 29 U.S.C.A. § 1132(a)(1)(B)

8. Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections as though set forth here.

9. Under the terms of the Plan, Defendant agreed to provide plaintiff with benefits Long Term Disability Benefits.

10. Denial of benefits to plaintiff constitutes a breach of the Plan between Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits she would have received as a result of Defendant's failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

11. Defendant has arbitrarily and capriciously breached the obligations set forth in the Plan. Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide plaintiff benefits even though plaintiff's benefits are covered under the terms of the Plan. And the Defendant's actions were an abuse of discretion.

12. As a direct and proximate result of the conduct of Defendant in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled under the terms of the Plan.

13. As a direct and proximate result of the conduct of Defendant in failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

14. Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

## SECOND CAUSE OF ACTION

## FOR AN AWARD OF ATTORNEY'S FEES AND COSTS, PURSUANT TO 29 U.S.C.A. § 1132(g)(1)

15. Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections along with the First Cause of Action as though set forth here.

16. 29 U.S.C.A. § 1132(g)(1) authorizes this court to award reasonable attorney's fees and costs of action to either party in an ERISA action.

17. As a result of the actions and failings of the Defendant, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorney's fees and costs in pursuing this

action, all in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorney's fees and costs.

THEREFORE, Plaintiff demands judgment as follows:

A. For a declaration regarding the Defendant's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

B. For benefits payable under the Plan to reimburse Plaintiff for payments that Plaintiff has been entitled to receive;

C. For future benefits payable under the Plan Plaintiff is entitled to receive;

D. For an award of prejudgment interest;

E. For an award of reasonable attorney's fees pursuant to 29 U.S.C.A. § 1132(g)(1);

F. For costs incurred; and

G. For such other and further relief as the court deems appropriate.

Respectfully Submitted

Michael Moroni  MOED 36560
PO Box 24
Bloomfield, MO 63825
(573)568-9085
(573)568-2133 (fax)
Michael_moroni1126@yahoo.com
ATTORNEY FOR PLAINTIFF